## Boyle *versus* Rankin.

1. An assignment or mortgage of personal property for a valuable consideration, unaccompanied by possession, though void as to creditors is binding on the assignors; and if the possession be improperly withheld it may be enforced by an·action of replevin.

2. Two partners being indebted to another assigned to him, a "stock of merchandise, accounts, bonds, notes, judgments and accounts of the firm," as *a collateral security*, that they would give to him a bond and approved security for the debt within five days thereafter. It was *Held*, that the assignment, though unaccompanied by possession, was valid as between the parties; and that the promised security not having been given within the time specified, no creditors having intervened, the possession could be enforced by an action of replevin.

ERROR to the Common Pleas of *Fayette county*.

This was an action of *replevin* to March Term 1851, by Thomas Rankin *v.* Robert Boyle and John P. Boyle, and was brought under the following circumstances.

On a settlement between Robert and John P. Boyle and Thomas Rankin, on the 19th December, 1850, the said Robert and John P. Boyle were found to be indebted to Thomas Rankin to the amount of about $3488, for which the latter agreed to wait for one and two years, provided they gave him security for the payment of the same at that time. Robert and John P. Boyle had a store in Masontown, about twelve miles distant, conducted in the name of John P. Boyle & Co., and not being at the time prepared with security, they assigned and released to the said Rankin, all their right, title, interest, and claim "to the stock of merchandise, accounts, bonds, notes, judgments, and accounts of the firm of John P. Boyle & Co., doing business at Masontown, *as a collateral security* that the said Robert Boyle shall make, execute, and deliver to the said Thomas Rankin the bond and approved security above mentioned, in five days from this date." It was added: "Then it is understood on his compliance with said agreement that this assignment is to be null and void."

It was dated 19th December, 1850, and signed by Robert Boyle and John P. Boyle, and sealed.

The goods and effects were not delivered, and remained in the possession of John P. Boyle & Co., as before; nor was there any schedule, inventory, or appraisement of the property taken. John P. Boyle & Co., at the end of five days, refused to deliver the goods and effects; whereupon Thomas Rankin sued out the writ of *replevin*, gave bond to the sheriff, and replevied and took possession of the goods and effects, which, according to the appraisement attached to the sheriff's return, amounted to $5602.84.

The goods were subsequently sold by·the direction of Rankin.

The *narr.* was in the usual form. The pleas *non cepit* and pro-

[Boyle *v.* Rankin.]

perty. The plaintiff having died before the trial, the administrators of his estate were substituted.

On the part of the defendants it was contended, on the trial, that Thomas Rankin acquired no interest in the property by virtue of the assignment; that the assignment was nothing but a pledge, and the goods and effects never having been delivered, the assignment as such, was absolutely void; that he was not entitled to the possession of the goods, and that the action would not lie.

March 17, 1853, a verdict was entered for the plaintiff by consent, with leave to the Court to enter judgment for the defendants, *non obstante.* On June 23, 1853, the Court directed judgment to be entered on the verdict *for the plaintiff.*

The opinion of the Court was as follows:

" We are satisfied that the instrument of assignment constituted a mortgage, which may be with or without a delivery of the possession of the goods. In the case of a pledge the thing itself passes, but in a mortgage the title to the thing passes, either with or without possession. The pledgee has but a special property in the pledge. It is the actual bailment of personal property as a security for some debt or engagement. In the case of a mortgage the legal title passes to the mortgagee, subject to be reclaimed at a time stipulated, and if not, then the title becomes absolute, though equity will interfere to compel a redemption: *Story on Bailments,* secs. 286, 287, 288.

" It is not necessary to inquire whether the possession of the goods could have been required from the mortgagors before the expiration of the five days; but certainly after that period they were entitled to the possession. If the agreement contemplated leaving the goods in the possession of the mortgagors, under any pretext whatever, it would be void *per se* as to creditors: Clow *v.* Woods, 5 *Ser. & R.* 275. But it would not be void as between mortgagor and mortgagee, and here no creditors interfered. Why, then, should not the contract be completed by the delivery of the goods? The plaintiffs had the right of possession, and this action was at their service to enforce it. Judgment, therefore, upon the verdict, upon payment of the jury fee."

It was assigned for error: 1st. The Court erred in deciding "that the instrument of assignment constituted a *mortgage.*" 2d. In not entering judgment for the defendants, on the verdict.

*Kaine* and *Howell,* for plaintiffs in error.—It was contended that if the instrument of assignment constituted but *a pawn or pledge,* then Thomas Rankin acquired no interest, as possession was not delivered: *Story on Bailments,* secs. 286–7, 297, 300. But if it were a *mortgage,* it was said that it was also void for want

[Boyle *v.* Rankin.]

of delivery of the property: Clow *v.* Woods, 5 *Ser. & R.* 278. It was however contended that it was not a mortgage—that merchandise, accounts, bonds, notes, and judgments were not the subject of mortgage. As to distinction between pledges and mortgages, reference was made to 4 *Kent* 138. It was said that the authorities referred to showed that if the property had been *delivered*, it would have been *a pledge;* and it not having been delivered, the instrument passed no interest in the property. Case of Pritchett *v.* Jones, 4 *Rawle* 266, also referred to.

*Veech*, for defendants in error.—"By a grant or conveyance of goods in gage or mortgage, the whole legal title passes conditionally to the mortgagee; and if not redeemed at the time stipulated, the title becomes absolute at law, though equity will interfere to compel a redemption:" *Story on Bailments*, sec. 287. "A mortgage may be without possession, but a pledge cannot be without possession:" *Id.* Sec. 288. "A pledge is not a property created upon a condition of defeasance, like a mortgage. It has no analogy to the case of a *right*, which is absolute to vest, or to be defeated on the happening of an event:" KENT, C. J., in Cortelyou *v.* Lansing, 2 *Caine's Ca. in Er.* 206. A pawnee of stock is not bound to bring a bill of foreclosure, but may sell without it: Chancery cases of Tucker &c. *v.* Wilson; and Kemp *v.* Westbrook. Although the assignment unaccompanied by possession would have been unavailing as against execution creditors of the assignors, yet as against themselves it is valid: 7 *Watts* 545; 7 *W. & Ser.* 373, Vandyke *v.* Crist, a case of *replevin;* also 3 *Barr* 50, Dennis *v.* Alexander; *Addison's Rep.* 131, Woods *v.* Nixon; 3 *Harris* 513, Harlan *v.* Harlan, also a case of *replevin.* It is unnecessary to inquire whether the assignment in question is a pledge or a pawn, a mortgage or a sale. In either case, Rankin had a right of possession, as against the assignors, for if he had not, the instrument would be without meaning. If there be a surplus after payment of debts and expenses, the assignors are entitled to it.

The opinion of the Court was delivered by

WOODWARD, J.—It has long been settled in Pennsylvania that *replevin* lies wherever one man claims goods in the possession of another: Weaver *v.* Lawrence, 1 *Dallas* 157; Woods *v.* Nixon, *Addison* 134. And this whether the claimant has ever had possession or not, and whether his property in the goods be absolute or qualified, provided he has the right of possession: Harlan *v.* Harlan, 3 *Harris* 513.

That the assignment of the Boyles of the 19th December, 1850, passed their title in the goods and property mentioned, cannot be doubted without impeaching the fairness of the transaction, and

[Boyle v. Rankin.]

that is not questioned. Equally clear is it that when the five days elapsed without their giving Rankin the promised security, he was entitled to take possession of the assigned property. Without possession the assignment was no security; for though valid and binding between the parties, it would have been held void as against creditors levying on the property in the hands of the Boyles, and it would have been void also as against *bonâ fide* purchasers without notice.

Such mortgages of personal property by debtors in failing circumstances are mere ropes of sand as against their creditors, as a volume of cases from Clow v. Woods, 5 *Ser. & R.*, demonstrates, but binding and obligatory, nevertheless, between the parties; and good even against creditors, if possession, which is the decisive badge of ownership, be taken under the mortgage before creditors take process. The objects of this assignment, which were fair, could not, then, be accomplished without possession taken by Rankin, and the replevin was the appropriate action to put him into possession.

It is unnecessary to trace distinctions between a pawn or pledge and a mortgage, which would serve only to embarrass a simple transaction with the discussion of artificial rules. The debtors intended to pledge their property to secure a *bonâ fide* creditor; and to make it security, he compelled them, by this action, to surrender the possession to him. This has often been done, and where there are no creditors to question the transaction, it is not subject to objection from the debtors themselves.

The judgment is affirmed.