# McBride's Appeal.

1. In distributing the estate of a deceased wife, the husband is not a competent witness before the auditor in support of a claim as creditor against her estate.

2. "Actions," in the Act of April 15th 1869 (Witnesses), includes all civil proceedings.

3. The purpose of the supplement of April 9th 1870, was to permit persons excluded by the proviso in the Act of 1869 to testify in matters occurring since a decedent's death.

4. An action is a legal demand of one's rights in a court of justice.

5. The husband, having elected to take against his wife's will, claimed rents included in her executors' account. By the confirmation of the account the rents were part of decedent's estate, to be distributed as such. The husband could not raise the question of his ownership in a proceeding for distribution.

[McBride's Appeal.]

6. In a proceeding for distribution no one can claim but through the decedent, as creditor, legatee or next of kin.

February 17th 1871.    Before Thompson, C. J., Agnew, Sharswood and Williams, JJ.    Read, J., at Nisi Prius.

Appeal from the Orphans' Court of *Philadelphia* : No. 275, to January Term 1871.    In the estate of Martha McBride, deceased.

The decedent, then a resident of Minnesota, on the 7th of June 1867, made her will which was signed by herself and her husband John McBride, " who hereby consents to and approves of the foregoing will."

She gave real estate which · she owned in Philadelphia to her children, Samuel McCanless and others whom she named, " to be equally divided between them, share and share alike."    She authorized her executors to rent her real estate, and put the proceeds to interest, and if they should think it " to the best advantage," to sell the real estate, and invest the proceeds : the whole to be divided when her youngest daughter arrived at age.    She gave to her son Samuel T. McCanless, what should be coming to her out of her first husband's estate, and at his death to go to his children.    She gave to her three youngest children, children of her first husband, all her personal property.    She appointed Thomas R. Patton and William Blakely, Jr., her executors to · settle her estate in Pennsylvania, and other executors in Minnesota to settle her " affairs and dispose of my personal property in the state of Minnesota."    She made no provision in this will for her husband John McBride.

The executors in Pennsylvania filed their account December 30th 1869, charging themselves with $3453.37, a very large proportion of which was rents received from the real estate of the testatrix in Pennsylvania.    The balance in the hands of the executors was $2583.32.    This was referred to John B. Collahan, Esq., to report distribution.

Before the auditor, John McBride, the surviving husband of the testatrix, claimed as a creditor.    His claim being resisted by the devisees, he was offered as a witness to establish it.    He was rejected by the auditor as incompetent.    The auditor allowed the claims of a number of the creditors of Mrs. McBride, which reduced the balance in the hands of the executors to $1884.13.    This sum he divided amongst the children of Mrs. McBride in accordance with her will : and so reported.

McBride filed exceptions to the report, one of which was, that the auditor would not permit him to testify in support of his claim.

The Orphans' Court (Allison, P. J.) dismissed his exceptions, and confirmed the auditor's report.    McBride made no claim before the auditor or the Orphans' Court as surviving husband.

McBride appealed to the Supreme Court, and assigned the following errors :—

22 P. F. Smith—31

[McBride's Appeal.]

1. Dismissing the first exception of John McBride, viz.: "Because the auditor refused to permit the said claimant John McBride to testify in support of his own claim."

2. Because it appears from the record that the balance for distribution among the legatees as reported by the auditor and allowed by the Orphans' Court consisted of rents derived from real estate of the testatrix, Martha R. McBride, and that the same belonged and ought to have been awarded to the appellant, who, as appears from the record, was the husband of the testatrix, and tenant by the curtesy of said real estate.

*S. Hood*, for appellant.

*G. Junkin*, for appellees.

The opinion of the court was delivered, January 9th 1872, by

WILLIAMS, J.—It is clear that the appellant was not admissible as a witness in support of his own claim as a creditor of the estate of his deceased wife, unless he was rendered competent by the Act of 15th April 1869. That act declares that "no interest nor policy of law shall exclude a party or person from being witness in any civil proceeding: Provided, this act shall not alter the law as now declared and practised in the courts of this Commonwealth, so as to allow husband and wife to testify against each other, nor counsel to testify to the confidential communication of his client; and this act shall not apply to actions by or against executors, administrators or guardians, nor where the assignor of the thing or contract in action may be dead, excepting in issues and inquiries *devisavit vel non* and others, respecting the right of such deceased owner, between parties claiming such right by devolution on the death of such owner." If, under the first clause of the proviso, the husband would not be a competent witness in support of his claim against the wife if she were living, why should he be a competent witness in support of his claim against her estate, now that she is dead? There would seem to be a greater reason for his exclusion in the latter than in the former case. As the law was "declared and practised in the courts of this Commonwealth" at the date of the passage of the act, the husband could not have been examined as a witness in support of his claim against his wife, whether she were living or dead. Manifestly it was not the purpose of the act to open the lips of one party while those of the other were closed. This is abundantly evident from the provision that "this act shall not apply to actions by or against executors, administrators or guardians." But it is said that this proceeding, for the distribution of the deceased wife's estate, is not an action, and is, therefore, excluded from the operation of the proviso and embraced within the enacting provisions of the statute, which declare that "no

[McBride's Appeal.]

interest nor policy of law shall exclude a party or person from being a witness in any civil proceeding." But to give such a construction to this clause of the proviso would be adhering to the letter and rejecting the spirit and reason of the provision—*Qui hæret in litera hæret in cortice.* He who considers merely the letter of the enactment goes but skin-deep into its meaning. That the term "actions," as used in the proviso, was intended to embrace all civil proceedings, of whatever kind, is evident from the supplement of the 9th of April 1870, which declares that "in all actions or civil proceedings in any of the courts of this Commonwealth, brought by or against executors, administrators or guardians, or in actions where the assignor of the thing, or contract in action, may be dead, no interest or policy of law shall exclude any party to the record from testifying to matters occurring since the death of the person whose estate, through a legal representative, is a party to the record." The purpose of the supplement is obvious : It was intended to permit a party, who would otherwise have been excluded by the proviso in the original act, to testify to matters occurring since the death of the person whose estate, through a legal representative, is a party to the record. And it shows that, in the legislative understanding, the word "actions," as used in the proviso, was intended to embrace civil proceedings, whatever their form, as well as actions technically so called. If this was not the intention and understanding of the law-making power, why were "issues and inquiries *devisavit vel non,* &c.," excepted from the "actions" to which it was declared that the act should not apply ? Besides, a suit or action, according to its legal definition, is the lawful demand of one's right in a court of justice : *jus prosequendi in judicio quod alicui debitur :* 3 Black. Com. 116. This definition is broad enough to include the proceeding in this case. The Orphans' Court was, therefore, clearly right in dismissing the exception to the auditor's report because of his refusal to permit the appellant to testify in support of his own claim.

But the appellant further contends, that the fund for distribution in the hands of the executors, consisting of the rents derived from the real estate of the testatrix, belonged, and ought to have been awarded, to him as tenant by the curtesy of the said real estate. It is admitted that this claim was not made before the auditor or in the court below, and that it is now made here for the first time. This might, perhaps, be a sufficient reason for disregarding it. But the appellant insists that not having made his election to take his wife's real estate as tenant by the curtesy until after the confirmation of the auditor's report, he is entitled to claim the fund in this appeal, as tenant by the curtesy, under the provisions of the 4th section of the Act of 14th April 1835, and the 2d section of the Act of 16th June 1836, which require the Supreme Court, in all cases of appeal from the Orphans' Court, to hear, try and deter-

[McBride's Appeal.] ·

mine the same, and the merits thereof, as to right and justice may belong, and decree according to the justice and equity thereof. Conceding the appellant's right to raise the question in this appeal, let us see whether he has any such title to the fund as tenant by the curtesy as will avail him here. This is a proceeding for the distribution of the personal estate of the testatrix in the hands of her executors. The fund for distribution, from whatever source derived, constitutes part of the decedent's estate; and no one is entitled to claim any portion thereof in this proceeding for its distribution who does not claim it through the decedent and as a part of her estate, either as creditor, legatee or next of kin. But the appellant does not claim it either as the decedent's creditor, legatee or next of kin, nor does he claim it as a part of her estate; but he claims it in his own right as tenant by the curtesy, and as a part of his own estate. He can maintain his claim only by denying that the fund is any part of the estate of his deceased wife. Now it is clear that he cannot raise any such issue in this proceeding for distribution. He must claim the fund through the decedent, and as a part of her estate, or not at all. If he denies that the money belongs to the estate of his wife, and claims it as his own, in virtue of his tenancy by the curtesy, he must resort to some other forum and to some other form of proceeding for his remedy. He has no standing to raise any such issue in this proceeding, no more than any stranger who should claim the fund by a ·title adverse to that of the decedent. Whether the appellant is or is not entitled to the real estate of his wife, as tenant by the curtesy, is a question which does not arise here, and, therefore, we are not called upon to express any opinion in regard to it, though it was the main question discussed on the argument.

Decree affirmed at the cost of the appellants.