# Taylor *versus* Hanlon.

1. Under the Act of May 10th 1871 (P. L. 265) the court of common pleas on the trial of a cause may grant leave to amend by changing the form of action.

2. To sustain an action of trover and conversion there must be a demand for and refusal to deliver the article in suit.

3. In an action of trover for a horse, plaintiff cannot recover damages for unskillful medical treatment of the animal by the defendant.

May 8th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas of *McKean county :* Of July Term 1882, No. 228.

This was an appeal by defendant from the judgment of a justice of the peace. The transcript was not printed with the

[Taylor v. Hanlon.]

record, but it was stated in the paper books that the action was trespass. The rule of court of McKean county provides that "in appeals from justices of the peace the transcript shall stand for a declaration, and the prothonotary at the time of docketing the same may indorse thereon a plea for the defendant, which in actions of trespass and trover shall be 'not guilty.'" In this case a plea of not guilty was entered in accordance with this rule.

The facts as they appeared at the trial, before WILSON, A. L. J., were as follows: The plaintiff in error, Taylor, who was defendant below, took a horse belonging to Hanlon under a parol agreement to cure him of ringbones and spavins for $15, and to return him in four days. On the third day defendant told the plaintiff that the horse was not in a condition to be moved, and that he had better keep it two or three days more, and it would be returned by Saturday or Sunday of that week. This arrangement was acquiesced in by the plaintiff. The horse not being returned, plaintiff went again the following week and demanded the horse of the defendant. Hanlon testified as follows:

"Q. Did you demand the horse?

"A. Yes.

"Q. What did he say?

"A. He said the horse was not fit to be taken out; I told him it was not fit for me. I had no use for him."

The plaintiff then moved for leave to amend by altering the form of action from trespass to trover. This was allowed. Exception. (First assignment of error.)

The plaintiff was then asked:

Q. State, Mr. Hanlon, just what the value of that horse was?

Objected to, because there was no action pending for the value of the horse. Objection overruled and evidence admitted. Exception. (Second assignment of error.) The same question was asked of another witness for plaintiff, and objected to. The objection was overruled, and the evidence admitted. Exception. (Third assignment of error.) The plaintiff further testified that he never got the horse, that when he came the second time he didn't demand him; he went to take him, but the horse was in no shape to be taken away. On cross-examination he said that the reason he did not take the horse away was because he was not fit for anything, and at the time of this second visit some parties whom he took to see the horse were made sick at the stomach by the sight. The plaintiff refused to take it on account of the condition it was in, and demanded payment for it of the defendant.

The defendant offered no evidence, but asked the court to charge the jury, that under the evidence and pleadings in this case the plaintiff could not recover the value of the horse. The

[Taylor *v.* Hanlon.]

court refused so to charge. Exception. (Fifth assignment of error.)

The court charged, inter alia, as follows :

"And the court now direct the stenographer to read the evidence of Mr. Hanlon to the jury. (Mr. Hanlon's testimony was here read to the jury.) The important question for you to determine from this evidence is whether Mr. Hanlon demanded the possession of this horse after that four days, and whether this possession was refused to be given up by the defendant. If Mr. Hanlon demanded possession after the four days, and he refused to give it up, the plaintiff is entitled to recover for this horse." Exception. (Sixth assignment of error.)

Verdict for the plaintiff for $54.50, and judgment thereon. Whereupon defendant took this writ of error, assigning for error the action of the court in allowing the amendment changing the form of action, the admission of plaintiff's offers of evidence, the refusal of defendant's point, and the portion of the general charge above quoted.

*Thomas A. Morrison* (with him *N. B. Smiley*), for plaintiff in error.—In appeals from justices, the form of action may be amended in the common pleas, but the cause of action must remain the same : Lyon *v.* Chalker, 2 Watts. 14 ; Gue *v.* Kline, 1 Harris 60 ; Comfort *v.* Leland, 3 Whart 81. The Act of May 10th 1871, P. L. 265, Purd. Dig. 70, only applies to the form of action. Trover will not lie until refusal to deliver after demand : Waring *v.* Penn. R. R., 26 P. F. Smith 491. As the defendant offered no evidence, the court should have instructed the jury that the evidence either did or did not make out a case of trover and conversion. It is error to leave both law and fact to the jury : Cook *v.* Mackrell, 20 P. F. Smith 12.

*P. R. Cotter*, for defendant in error.—Forms of action are not prescribed in the law giving jurisdiction to justices of the peace, and it would be unwise to adhere to them : Bright *v.* Gitz, 31 P. F. Smith 144 ; Act of March 20th 1810, § 4. Purd. Dig. Tit. Justices of the Peace, pl. 92. The cause of action remaining the same, the court has power to allow such change in the form as tend to advance the cause of justice : Trego *v.* Lewis, 8 P. F. Smith 463. It was shown by the testimony that the plaintiff below demanded the horse, but the defendant refused to return it, giving as a reason that it was unfit for use. This was proper evidence of conversion to submit to the jury : 2 Hilliard on Torts 102, § 4.

Mr. Justice PAXSON delivered the opinion of the court, June 4th 1883.

[Juniata Building Association *v.* Hetzel.]

We are unable to say whether the court below erred in permitting the plaintiff below to change the form of action from trespass to trover. If it was a change of the form of action only, the amendment was allowable under the Act of 10th May 1871 P. L. 265. There is nothing upon the record to show what the cause of action was before the justice. The transcript is not given and no narr. was filed, the case having been tried under the rule which substitutes the transcript of the justice for a declaration.

Picking up our knowledge of the case as best we can, from the paper book, we learn that it was tried in the common pleas as an action of trover and conversion. The plaintiff claimed that he placed his horse with the defendant to be cured of "ringbones and spavins," and to be returned within four days. The horse was not cured and was not returned within the time. The plaintiff called upon defendant afterwards for the horse, and was told that it was not in a condition to be moved. This was conceded by the defendant. He said upon cross-examination : "I went there and looked at the horse, and got some parties to look at it too, and it made some of them sick to the stomach." He further says that he refused to take the horse away and demanded pay for it. This will not sustain trover and conversion. There was no demand and refusal. The demand is nothing without the refusal.

Some time after the suit was commenced before the justice, the plaintiff's barn was destroyed by fire and the defendant's horse was consumed with it.

There was no evidence that the horse was unskillfully treated by the defendant, and if there had been the plaintiff could not recover for such cause in an action of trover.

The 2d, 3d, 5th and 6th assignments of error are sustained.

Judgment reversed.