Harry W. Croft *v.* W. K. Jennings, Executor of John F. Jennings, Dec'd, Appellant.

[Marked to be reported.]

*Sale—Delivery of possession.*

A sale without delivery of possession divests the ownership of the vendor as between him and his vendee.

A partnership being indebted to plaintiff for wages made a bill of sale of a portion of their stock of patterns to him in satisfaction of the debt. Another creditor who had at the time an outstanding execution against the firm approved of the bill of sale.   Subsequently the liquidating partner executed a second bill of sale of all the patterns to the execution creditor, the execution having been stayed in the meantime.   Some time afterwards, the execution creditor sold all the patterns, including those assigned to plaintiff, and received full consideration for them.   *Held*, that the execution creditor was liable in trespass to plaintiff for the value of the patterns included in the bill of sale to plaintiff.

Argued Oct. 30, 1895.   Appeal, No. 128, Oct. T., 1895, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1893, No. 430, on verdict for plaintiff.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Trespass for wrongful sale of plaintiff's goods.   Before STOWE, P. J.

The facts appear by the opinion of the Supreme Court.

Defendant's points, among others, were as follows :

1. Under all the evidence the verdict should be for the defendant.   *Answer :* This is refused. [1]

If the court should refuse to charge as requested, then,

3. If the jury believe from the evidence that there was a large

number of patterns held by the said Burt as trustee for the defendant, estimated to be worth $12,000, and in making the bill of sale for $5,000, as per Exhibit B, the plaintiff's patterns were mistakenly included instead of other patterns, but were never delivered and are not claimed now by the vendee in the said bill of sale, the plaintiff is not injured and cannot recover in this action. *Answer:* Refused. [2]

4. If the jury believe from the evidence that the plaintiff neglected to remove the patterns when they were released by the defendant's decedent, and they became confused with the patterns held by Burt for the defendant's decedent, the plaintiff himself by his own act occasioned the mistake and the defendant is not liable. *Answer:* Refused because there is not suffi cient evidence to raise this point. [3]

5. If the jury believe from the evidence that the defendant's decedent, by his attorney in fact, B. F. Jennings, on the 13th day of June, 1887, directed W. H. Burt to prepare a bill of sale of patterns in his possession belonging to said decedent, and that said Burt prepared a bill of sale marked Exhibit B, and by mistake, without the knowledge of said B. F. Jennings, included in it the same patterns belonging to the plaintiff, and that the said B. F. Jennings had no list or description of plaintiff's said patterns, and that the description of plaintiff's said patterns in Exhibit No. 1 was not the same as in Exhibit A, and was recognizable by no one not familiar with the business, and in point of fact was not recognized by the said B. F. Jennings, and that the said Burt had in his possession far more than $6,000 of said decedent's patterns, and that the said plaintiff did not look after his patterns, or notify said decedent or his attorney in fact, or the defendant personally, for several years thereafter, the defendant is not liable in this action. *Answer:* Refused. [4]

The court in the general charge used the following language: " If that property was left in the custody of Mr. Jennings and being there, although he did not know that it was there, he undertook actually to sell it, intending to sell it, then this action can be maintained, because he has undertaken to sell, and he has sold property that did not belong to him, but belonged to the plaintiff in this case. Having done that, no demand was necessary to give the plaintiff a right of action, because demand is only evidence of conversion, but the sale itself was conversion." [5]

Verdict and judgment for plaintiff for $423.85.    Defendant appealed.

*Errors assigned* were, (1–5) above instructions, quoting them.

*Marcus A. Woodard*, *W. K. Jennings* with him, for appellant.—When the defendant released the patterns from the lien of his execution and the plaintiff left them in the possession of Mr. Burt, the latter then became trustee for the plaintiff.   The possession of these patterns remained in Mr. Burt's hands as the plaintiff's agent and has continued there during all these years.    There was not the slighest evidence to show that the defendant had interfered with them in any way, or delivered them to any other person, or asserted any ownership over them,. except that by mistake as is practically conceded they were included in a subsequent bill of sale made to the Enterprise Hardware Company of which Mr. Burt was the active member.

It has been decided that a sale works conversion, but that was between the vendor and vendee, and it necessarily implied that it was a completed sale.   Now it has been held that as between vendor and vendee delivery is not always necessary to perfect a sale, because there may be a constructive delivery: Winslow, Lanier Co. v. Leonard, 24 Pa. 14.    But there can be no such distinction made so far as regards third persons.

The bill of sale had no effect whatever upon the possession of the plaintiff's patterns, and according to the testimony in the case the plaintiff could have obtained his patterns at any time by making a simple demand upon Mr. Burt for them.

If the execution of a paper sale was not itself evidence of conversion when unaccompanied by delivery, then the charge of the court was contrary to the principles laid down in the case Yeager v. Wallace, 57 Pa. 365, for the reason that there was no evidence of any wrongful or actual conversion.

It was undisputed that the inclusion of Croft's patterns in the bill of sale to the Hardware Co. was by a mistake.

Burt being liquidating partner of Livingston & Co., trustee for Croft, and managing partner in the Hardware Co., having knowledge of the bill of sale to Croft, and having possession of the patterns for him could not either intentionally, or by mistake, have procured a sale of the patterns either to himself or to his firm so as to acquire title to the patterns.

*Edwin W. Smith, P. C. Knox* and *James H. Reed*, with him for appellee.—Trover lies against executors on a conversion by their testator: Schott v. Sage, 4 Phila. 87; Altman v. Walton, 34 Leg. Int. 13; Troubat & Haly, sec. 1561.

The plaintiff in this case having absolute property in the patterns has certainly the right of possession against defendant, a wrongdoer: Boyle v. Rankin, 22 Pa. 168.

No demand was necessary after a sale: Taylor v. Lynn, 13 Atl. 739; Troubat & Haly, sec. 1564.

The plaintiff can recover although he did not take possession: Janney v. Howard, 150 Pa. 339: Hetrick v. Campbell & Crum, 14 Pa. 263; White v. Phelps, 12 N. H. 382; Miller v. Allen, 10 R. I. 49; Ashmead v. Kellogg, 23 Conn. 70; Cole v. Clark, 3 Cush. (Mass.) 399; Shult v. Barker, 12 S. & R. 271.

A trover may even be maintained for the undivided interest of personal property: Troubat & Haley, sec. 1565; Agnew v. Johnson, 17 Pa. 373.

OPINION BY Mr. JUSTICE GREEN, January 13, 1896:

The leading and most important facts in this case are entirely undisputed. It is not at all controverted that Croft who had been in the employment of Livingston & Co. for a long time had a perfectly legitimate claim against that firm of about $600, for wages, and for $200 of that amount he was entitled to a lien against their goods. On and before April 18, 1887, John F. Jennings held a judgment against Livingston & Co. for $40,000 and an execution for $24,416 had been issued. On the last date W. H. Burt, who was a liquidating partner of Livingston & Co., made a bill of sale to Croft of a lot of patterns to secure his claim for wages. This bill of sale was approved, and so marked on the bill, by W. K. Jennings the attorney for J. F. Jennings in the execution proceedings. The patterns sold to Croft were at the shops of Livingston & Co. and were a part of a large stock of patterns used in their foundry business, which was conducted in a building on Washington avenue, and they were left there in charge of Mr. Burt, the liquidating partner. After the bill of sale to Croft was made, the execution in favor of J. F. Jennings was stayed, and on April 28, 1887, Livingston & Co. made a transfer of all their stock of patterns at the shops to J. F. Jennings. On June 13, 1887, B. F. Jennings as attorney

in fact for his father, J. F. Jennings sold, for the sum of $5,000 all the patterns in the shops including those already sold to Croft, to the Enterprise Hardware Company. This bill of sale was prepared by Burt who had made the previous bill of sale to Croft, and who said when he was asked why he included the patterns he had already sold to Croft, that he supposed that Croft's claim had been settled. There is no doubt also that the Enterprise Hardware Company took possession of all the patterns including those previously sold to Croft, and that Jennings received the full consideration for them. The sale to the Enterprise Hardware Co. was made on June 13, 1887, which was less than two months after the sale to Croft. It seems to us that the question whether that sale of Croft's patterns was made inadvertently was an entirely immaterial question. The fact of the sale established a conversion and no demand was necessary in order to sustain a recovery. The learned court below left to the jury the question whether Jennings intended to sell the Croft patterns when he made the sale to the Enterprise Hardware Co., charging that if he did not so intend the jury should return a verdict for the defendant. This was certainly as favorable an instruction as the defendant could possibly expect. But the jury found a verdict against the defendant and therefore decided that the sale of the Croft patterns was intentional, and in view of the testimony of Burt their finding was entirely justified. We have then the clear case of one selling the goods of another in his possession, delivering the possession to the purchaser and receiving the purchase money to his own use. Why should not such a person be bound to pay to the true owner the value of the goods? The objections to a recovery were of the most technical character and altogether untenable. The actual taking of possession by Croft was not at all necessary to maintain the action. There was no question of constructive fraud as against creditors of Livingston & Co. by retention of possession by the seller, in the case. The question is directly between the parties, and as to them Croft's title was perfectly good under his bill of sale. In the case of Boyle v. Rankin, 22 Pa. 168, the facts were that two partners being indebted to another, assigned to him a stock of merchandise, accounts, bonds, notes, judgments and accounts of the firm as a collateral security that they would give him a bond and approved security for the debt within five days there-

after. It was held that the assignment, though unaccompanied by possession, was valid as between the parties, and that the promised security not having been given within the time specified, no creditors having intervened, the possession could be enforced by an action of replevin.

In Janney v. Howard, 150 Pa. 339, we said, " A sale without delivery of possession divests the ownership of the vendor as between him and his vendee : Hetrick v. Campbell, 14 Pa. 263 ; and the purchaser may, if the possession be withheld, maintain replevin for the goods : Boyle v. Rankin, 22 Pa. 168."

As this principle cannot be questioned a further citation of authorities is unnecessary. The plaintiff here became, by virtue of his bill of sale, the owner of the patterns as between him and his vendor, who was the defendant's testator. When the latter sold the goods to a stranger, delivering the possession, he certainly made himself liable as a trespasser, and no demand was necessary to entitle the plaintiff to recover the value of the goods. We see no merit in the assignments of error and they are all dismissed.

Judgment affirmed.