Emma L. Clowes v. David D. Hughes and Evan G. Hughes, Copartners, trading as Hughes Brothers, Appellants.

*Warehouseman—Conversion—Notice of title.*

Ordinarily in order to create a conversion a sufficient demand and re fusal are both essential. A demand is nothing without a refusal. Where, however, on notice of title to goods stored with a warehouseman there is not only denial of title in the claimant but an assertion of title in and. delivery of the goods to another person, after notice of a dispute, a clear case of conversion of the property is made out.

Where a warehouseman elects ·to settle a controversy between dis- putants he volunteers too much, as he is fully protected under the statute regulating his business.

Under such conditions it is not necessary to make tender of the charges and demand the property before bringing suit.

Argued Oct. 6, 1896. Appeal, No. 6, Nov. T., 1896, by defendants, from judgment of C. P. No. 3, Phila. Co., June T., 1894, No. 1001 on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Trespass. Before FINLETTER, P. J.          .

The facts are sufficiently set out in the opinion of the Supe- rior Court.

Verdict for plaintiff for $287.50. Defendants appealed.

*Errors assigned* were (1) In overruling the following offer of testimony on behalf of the defendant.

" Counsel for defendant offers to show by this witness (Mrs. Bourne), that this bill of sale was executed by witness to Mrs. Clowes to secure an indebtedness amounting to about $300— that the goods mentioned in the bill of sale—the possession of said goods was never parted with by Mrs. Bourne, and that after the date of the bill of sale she continued to retain posses- sion of the goods as before, and exercised full ownership over them."

(2) In overruling the following question propounded by counsel for defendant to said witness, Mrs. Bourne.

" Q. What was said to you at the time the paper was signed ? "

(3) In overruling the following offer of evidence upon behalf of the defendant:

" Counsel for defendant offers to show by this witness, Mrs. Bourne, that at the time the paper was signed it was signed without her understanding the nature· and purport of it, and that it was not explained to her."

· (4) In charging the jury as follows :

" The goods in controversy in this case were originally owned by Mrs. Bourne, and were placed by her on storage with the defendants. After they had been so placed there Mrs. Bates (Bourne), by a bill of sale, sold the goods to the plaintiff. I have not seen the bill of sale, but I presume it is in the usual form, and was an absolute change of ownership. The goods were originally placed on storage with the defendants. It is a matter of no consequence that Mrs. Bourne sold these goods to the plaintiff, if it was before she placed them on storage, then she had no claim whatever on them, and she had no right to interfere in any way with the care or custody or ownership of the goods, but inasmuch as she allowed her to have possession of the goods, and she put them on storage, then the defendant was bound to recognize no one but Mrs. Bates [Bourne] who placed the goods in his charge as owner."

(5) In charging the jury as follows :

"· If there is no evidence in this case that she made a tender or an offer to secure him for the charges he had upon them the verdict must be for the defendant. If, however, you are satisfied from all the testimony in the case that the plaintiff did make such a tender and did make such an offer, and was ready and willing and able to comply with the offer and defray all the charges up to that time, then he was bound to deliver them to her whenever she made a proper demand."

(6) In charging the jury as follows :

" In cases of this kind there should be positive and direct evidence satisfactory to the jury, I mean, that the goods were of some specific value, and the plaintiff should not leave a matter of. this kind for the jury to guess at, but the jury must determine from the evidence, whatever it is, what the value of the goods was. · It is in evidence that they were sold for $300, while in his possession. That is, shortly before any demand whatever was made."

(7) In declining the defendants' first point, to wit:

"1. It was the duty of the defendants to deliver the goods to the party who deposited them with the defendants, and with whom they made their contract. Your verdict should therefore be for the defendants."

(8) In declining the defendants' third point of charge, to wit:

"3. A mere notice in writing mailed to the defendants is not a legal or proper demand. To constitute a legal or proper demand the plaintiff or her agent should have demanded the goods in person, prepared to remove the same, and offering to pay the legal charges and expenses to which the defendants were entitled."

(9) In declining the defendants' fourth point of charge, to wit:

"4. The evidence in this case shows that the goods in question were the property of the owner, Mrs. Bourne, and the defendants were justified in delivering the goods to her. Your verdict should therefore be for the defendants."

(10) In declining the defendants' seventh point of charge, to wit:

"7. Under all the evidence the verdict should be for the defendants."

*Charles A. Chase*, for appellants.—Plaintiff's claim was simple debt, and a debt cannot be recovered in an action of this kind: Davis v. Thompson, 12 Cent. 721; Berry v. Vantries, 12 S. & R. 89; Jones v. Hart, 2 Salk. 441; Muller v. Knapp, 133 Pa. 275.

There was no proper demand by plaintiff for the goods, and an offer to pay the lien for storage: Miller v. Smith, 1 Phila. 173.

*Joseph S. Goodbread*, for appellee.—It is a principle of law that as between vendor and vendee the actual delivery to the possession of the purchaser is not necessary: Stephens v. Gifford, 137 Pa. 219; Com. v. Hess, 148 Pa. 98; Garretson v. Hackenberg, 144 Pa. 107; Croft v. Jennings, 173 Pa. 216.

Trover could have been maintained against Mrs. Bourne for the conversion of these goods and chattels, but the appellee

proceeded against the appellants because they had possession of them with the knowledge that they belonged to the appellee.

OPINION BY ORLADY, J., January 18, 1897:

This action of trespass was brought against defendants, who conducted a piano and storage warehouse business, to recover the value of certain household goods which had been deposited on storage by one Mary F. Bales (Bourne) on September 16, 1892, and returned by them to her May 26, 1893.

While the goods were in storage, Hughes Brothers had notice that the title to the goods was in dispute. The plaintiff testified: "Q. Did you notify Hughes Brothers of the sale of the goods to you? A. Yes, sir; they knew that they belonged to me. Q. With whom did you go there and tell them? A. Mrs. Sweeny. Q. Who else? A. Mrs. Bourne. Q. And she is the one who sold them to you? A. Yes, sir."

Mrs. Sweeny, for plaintiff, testified: "Q. Was there anything said by anybody to Mr. Hughes about who owned the goods? A. Yes, sir; Mrs. Bourne told Mr. Hughes that Mrs. Clowes owned them. Q. Before you bought them? A. When I was about buying them. Q. What became of the other goods? A. They were moved away on Wednesday; he (Mr. Hughes) said they belonged to Mrs. Bourne, and he gave them to her."

For defendants, Evan G. Hughes testified: " Q. Had you any conversation with Mrs. Clowes? A. Yes, sir; she claimed the goods belonged to her, and we recognized no one but Mrs. Bourne in the matter. Q. You were informed before that Mrs. Clowes was the owner of the goods? A. No, sir. Q. Didn't she claim the ownership of the goods? A. She claimed them, no doubt; but Mrs. Bourne claimed them, and she was the only one we knew in the transaction. And later, Mrs. Clowes came there and said that the goods belonged to her."

Defendants did not admit formally that there was a change of ownership, but from the above, and a letter delivered from counsel for plaintiff, they had notice that the goods were claimed by Mrs. Clowes. With this knowledge of disputed title and claim made by the plaintiff for the property, the defendants received the storage charges from Mrs. Bourne and delivered the goods to her.

Plaintiff admits that no formal demand for the property was

made, or offer to pay the charges against them, but contends that these usual requisites were not necessary in view of defendants' denial of her title and refusal to recognize any one but Mrs. Bourne in the matter.

Ordinarily a sufficient demand and refusal are both essential. The demand is nothing without the refusal: Taylor v. Hanlon, 103 Pa. 504. But here was not only a denial of title in Mrs. Clowes, but assertion of title in and delivery of the goods to Mrs. Bourne after notice of the dispute. This was clearly a conversion of the property: Hinckley v. Baxter, 13 Allen, 139; Thompson v. Rose, 16 Conn. 71; Story on Bailment (8 ed.), sec. 122; 2 Greenleaf on Evidence, secs. 642, 644, 645.

The warehouseman elected to settle the controversy between these disputants, and decide whether the contract exhibited called a bill of sale, was a bailment or an absolute sale. He volunteered too much, as he was fully protected under the statutes regulating his business. Hughes Brothers were not guarantors of the title to the goods. While Mrs. Bourne held the receipt given by them when the goods were stored, they knew the claim of Mrs. Clowes was, that she was absolute owner of the property which had been stored with them in fraud of her right to them: Insurance Co. v. Kiger, 13 Otto (U. S.), 352.

Under the facts as made by Hughes Brothers, it was not necessary to make tender of the charges, and demand the property before bringing suit: Alden v. Pearson, 3 Gray, 342; Springer v. Groom, 21 W. N. C. 242.

They waived all this by assuming to determine the title in Mrs. Bourne and delivering the property. Hughes Brothers were not the agents of Mrs. Bourne, but the bailees of the property for the rightful owner, and could properly have refused to deliver to either without being made secure in so acting; or refer the disputants to the courts, where the warehousemen would have been protected as to their charges and liability. If the defendants were not entitled to the benefits of the law regulating the business of warehousemen they were admittedly bailees with notice of the plaintiff's claim of ownership, and whether her claim as absolute owner was well founded or not, it is conceded that she held a bill of sale for the property as security for moneys advanced to Mrs. Bourne. This under the

law entitled her to the possession of the property as against all but bona fide claimants in possession, and was sufficient to enable her to maintain the action: Boyle v. Rankin, 22 Pa. 168; Steelworks v. Hallgarten, 15 W. N. C. 47; and the defendants having disposed of the goods in disregard of her claim entitled the plaintiff to bring suit without notice or demand: Croft v. Jennings, 173 Pa. 216.

There was sufficient evidence of the value of the property to warrant the verdict.

The judgment is affirmed.