## Peter W. Elder *v.* Bernard Corr, Appellant.

*Actions—Trespass—Tortious conversion of goods sold for cash.*

The tortious conversion of ten barrels of whisky by a proposing purchaser who has fraudulently induced the plaintiff, through a broker, to deliver them to him, upon the express condition that it should be regauged and paid for in cash and which he subsequently converted to his own use, discloses a cause of action for which trespass is the proper remedy.

*Fraudulent conversion—Public policy—Defense of illegal sale of liquor held as collateral.*

The principles that a court will not enforce a contract because it is against public policy and that the courts will not aid a party in an action grounded on an illegal act, cannot be invoked to protect a defendant who fraudulently obtains another man's property. The law does not put a premium on an attempt to reap the fruits of fraud under the guise of public policy.

A man holding a warehouse certificate for ten barrels of whisky as collateral security for a debt sold the collateral for cash; the vendee tortiously converted the property to his own use and refused to return the certificate or pay for the whisky. *Held*, in an action of trespass, that defendant could not set up the defense that the owner of the certificate was not a li-

censed vendor of liquor who had paid a government tax as a wholesale dealer.

Argued Oct. 11, 1898. Appeal, No. 62, Oct. T., 1898, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1896, No. 199, on a verdict for plaintiff. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass. Before ARNOLD, J.

It appears from the evidence that the defendant had sold to one Henry McHugh ten barrels of whisky for which a warehouse receipt was duly issued in the name of Henry Mc-Hugh. On March 25, 1895, McHugh pledged the warehouse certificate to the plaintiff, Elder, as part security for a loan of $4,000. Elder, with the consent of McHugh, employed Walsh, a broker, who was without a liquor license, to sell the liquor, to sell the ten barrels for cash. Walsh entered into negotiations with Corr without disclosing whose whisky it was and Corr agreed to pay cash for the whisky. When the warehouse receipt was sent by Walsh to Corr the latter discovering it was in the name of McHugh claimed to set off the purchase value of the whisky against money which McHugh at that time owed him. Thereupon Walsh demanded either the payment of the money in cash or the certificate. Corr sold the whisky and refused either to return the certificate or make the cash settlement agreed upon. Neither McHugh nor Elder had any wholesale license to sell liquor either under the state or the United States laws. Plaintiff brought trespass claiming a tortious conversion of the certificate and the whisky.

Verdict and judgment for plaintiff for $741.27. Defendant appealed.

*Errors assigned* were (1) in refusing the defendant's first point, which point and answer are as follows : " 1. There being no evidence either of a tortious taking or a tortious withholding by the defendant of the certificate or the whisky in question, the action of trespass will not lie, and your verdict should be for the defendant. *Answer:* Refused. The action is for the conversion, and is properly brought." (2) In refusing the defendant's second point, which point and answer are as follows:

" 2. The evidence of the plaintiff discloses nothing more than the failure of the defendant to pay a debt. This debt cannot be recovered in this form of action, and your verdict should be for the defendant. *Answer:* Refused for the same reason." (3) In refusing the defendant's third point, which point was as follows : " 3. As the evidence discloses that the plaintiff was not licensed to sell liquor by the state laws, either at wholesale or retail, his attempted sale to Corr of the whisky in question was illegal, and the court will refuse to carry out the contract, and your verdict should therefore be for the defendant." (4) In refusing the defendant's point, which point was as follows : " 4. The evidence disclosing that the plaintiff had not paid to the United States government the taxes as a wholesale dealer, his attempted sale to the defendant of the whisky in question is illegal, and your verdict should be for the defendant." (5) In refusing the defendant's fifth point, which point was as follows : " 5. If the jury believe that the whisky in question was legally the property of McHugh, and if they further believe that Mc-Hugh was indebted to the defendant in a sum greater than the value of the whisky, your verdict should be for the defendant." (6) In refusing the defendant's sixth point, which point was as follows : " 6. Under all the evidence, your verdict should be for the defendant."

*James M. Beck*, with him *John T. Murphy*, for appellant.— The assignments of error raise two questions, first : Was the action properly brought? and second, Will the court enforce the contract which is in violation of public policy ?

· All the authorities agree that if the original taking was lawful, and before demand for the goods the vendee had parted with them, there is no tort in refusing to return them.

The sale of the liquor was an illegal sale, whether McHugh or Elder be regarded as the vendor, and it was in plain violation of the laws of the state. The contract of sale to Corr was therefore illegal. The unbending rule of law in such cases is for the court to leave the parties where it finds them. Thus, a foreign insurance company that establishes an agency in this state, and omits· to. see that its agent· is duly commissioned, cannot recover· upon a bond given by such agent for the per formance of his duties : Insurance Company v. Bales, 92 ·Pa,

352; Thorne v. Travelers' Ins. Co., 80 Pa. 15; Insurance Company v. Heath, 95 Pa. 333.

It is not important that the suit is not brought in assumpsit in affirmance of an illegal contract. A court will not indirectly enforce an illegal contract by permitting a recovery in an action of trover. Thus trover will not lie to recover a stake deposited with a stakeholder in an election bet: Parker v. Morrison, 26 Pitts. Leg. Jour. 85.

A contract to convey tracts of land to a number of people, the portions to be determined by lot, will not be enforced, because it is a lottery: Allebach v. Godshalk, 116 Pa. 329.

A real estate agent who has not taken out his license cannot recover his commission: Johnson v. Huling, 103 Pa. 498; Holt v. Green, 73 Pa. 198.

*Joshua R. Morgan*, for appellee.—The case is that of a cash or conditional sale, and is squarely decided by the case of Miller v. Munhall, 34 L. I. 321. See also Refining & Storage Co. v. Miller, 7 Phila. 97, and Marston v. Baldwin, 17 Mass. 606.

The sale in question did not violate either the state or federal statutory laws. It is not against or in violation of public policy, the sale of whisky not being in itself a wrong.

OPINION BY ORLADY, J., January 18, 1899:

The statement in this action of trespass avers that the plaintiff was lawfully possessed as holder of a certain warehouse certificate, entitling him to ten barrels of whisky of the value of $800, and that he, desiring to sell the same, employed a broker, who sent the warehouse certificate by post for the purpose of consummating a sale of the property with the request that the purchaser, the defendant, have the ten barrels of whisky regauged and forward to the broker a copy of the regauge; that the defendant took the whisky into his own possession and refused to give the broker or the plaintiff a copy of the regauge, or to pay in cash for the whisky. That demand was made for the regauge, the certificate, the whisky and the cash payment for the whisky, and that the defendant refused to comply with the demand and converted and disposed of the certificate and whisky to his own use. The plaintiff recovered a verdict and the two questions urged on this appeal are,

First, Was the action properly brought? Second, Will the court enforce the contract which is in violation of public policy?

It was admitted on the trial that none of the persons connected with the sale of the whisky were licensed vendors of liquor, nor had any of them paid a government tax as a wholesale dealer.

Appellant urges that the action should have been in assumpsit, because the cause of action arose out of a contract. The contract for the sale of the ten barrels of whisky was preliminary to the cause of action on which the plaintiff sues, which is the tortious conversion of the property which defendant fraudulently induced the plaintiff through the broker to deliver to him, upon the express condition that the whisky was to be regauged and paid for in cash, and which he subsequently converted to his own use. The action was properly brought in trespass, the statement is sufficient and the evidence warranted the verdict.

After receiving the property the defendant refused to pay for or to return it; then denied the plaintiff's title to it; and finally threatened to inform the government that the plaintiff was violating the revenue laws if any steps were taken to recover the goods. From the evidence it is apparent that the plaintiff was fraudulently deceived into parting with his property, and the defendants withholding it after a demand was made for it, was also tortious: Clowes v. Hughes Bros., 3 Pa. Superior Ct. 561; Carey v. Bright, 58 Pa. 71. As to the second proposition, that the court will not enforce the contract, because it is against public policy, we do not agree with the appellant in his application of the principle. The decisions are uniform from Seidenbender v. Charles, 4 S. & R. 151, to Manufacturing Co. v. Reilly, 187 Pa. 526, that the courts will not aid a party in an action grounded on an immoral or illegal act. But we find no case which holds that a defendant who fraudulently receives property is protected by the law, and relieved from any liability to return or pay for it, or that the plaintiff is limited to the simple action of assumpsit in recovering its value. A defense of this nature was urged in Commonwealth v. Shober, 3 Pa. Superior Ct. 554, and it was held by this court to be insufficient. See also Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184.

We do not think the facts in this case bring it within the

prohibition of the state or federal statutes : Rahter v. Bank, 92 Pa. 393.

The property was transferred subject to the tax due to the government and even if the buyer and seller were liable for certain prescribed penalties, it would be manifestly unjust to permit a purchaser of the kind described in this testimony to be discharged of all liability for payment for so inequitable a reason. No wrong was done to the federal or state government in allowing such a transfer, and we cannot see how it affects public policy. To accept the certificate and the quantity of whisky was the only way the plaintiff had of securing his money. It was a single transaction, and to relieve the defendant would be putting a premium on what appears at least to be an attempt to receive the fruits of his own fraud under guise of a principle of public policy.

The assignments of error are overruled and the judgment is affirmed.