## Ewart v. Riffle et al.

*Practice—New trial—Juror a non-resident of county.*
1. The fact that one of the jurors in a civil case is a non-resident of the county is not ground for a new trial.

*Landlord and tenant—Action—Trespass for wrongful eviction—Amendment at trial—Act of May 10, 1871.*
2. A tenant who is wrongfully ejected by his landlord without an opportunity to harvest crops which he had planted on shares may sue in trespass for the damage sustained or may elect to waive the tort and sue in *assumpsit*.
3. Where the action is begun in trespass, plaintiff may elect, under the Act of May 10, 1871, P. L. 265, to amend at the trial, with permission of the court, by changing the form of action to *assumpsit*.

Trespass for wrongful eviction from leased premises. Motion for new trial. C. P. Greene Co., March T., 1921, No. 844.

*James J. Purman,* for plaintiff; *C. W. & Roy J. Waychoff,* for defendants.

SAYERS, P. J., May 31, 1927.—This action was originally a proceeding in trespass brought before a justice of the peace. No statement of claim or affidavit of defence appears in the files. No briefs were furnished to the court, nor any memorandum of the docket entries in this case.

A suit was begun before the justice on Dec. 18, 1920, and the transcript of appeal was filed in this court Feb. 28, 1921. The case was tried on Dec. 11 and 12, 1922, and a verdict rendered for the plaintiff in the sum of $200. The motion and reasons for a new trial were filed Dec. 16, 1922. The transcript of the testimony taken in the case was filed by the court stenographer Jan. 24, 1927, and is not certified by the court or the stenographer who took the testimony.

The reasons for a new trial are as follows:
1. The verdict of the jury was against the law.
2. The verdict of the jury was against the evidence.
3. The verdict of the jury was excessive.

Ewart *v.* Riffle et al.

4. Because the court erred in overruling the motion to strike out all evidence in the case except the evidence offered in support of the charge of trespass for damage to growing crops.

5. Because the court erred in refusing the motion for compulsory non-suit.

6. Because the court erred in sustaining the motion of the plaintiff to strike out all testimony in the case except that referring to trespass.

7. Because the court erred in permitting the plaintiff to change his cause of action from trespass to *assumpsit*.

8. Because the court erred in the fact that it did not limit the proof by the plaintiff to matters of trespass only.

9. Because James J. Purman, Esq., attorney for plaintiff, argued to the jury that the loss to the plaintiff occasioned by the rotting of the corn in the field in Monongahela Township was a proper item for consideration by the jury in making up its verdict.

10. Because the court erred in charging the jury that the damage to the plaintiff, if any, occasioned by the rotting of the corn in the field in Monongahela Township, was a proper item to be used by the jury in making up its verdict.

11. Because Henry Harrison, a member of the jury, was a citizen and resident of Fayette County, Pennsylvania, and not a citizen and resident of Greene County, Pennsylvania, which makes the said Henry Harrison incompetent to sit upon this jury; which fact was unknown to defendants until after the conclusion of the trial and the rendition of the verdict.

We have examined these reasons for a new trial and the testimony filed, and are of the opinion that the verdict was not contrary to the law or the evidence, or excessive. Especially is this true if the jury believed the evidence produced on the part of the defendants, which no doubt they did. This finding of the court disposes of exceptions from one to three, inclusive. There is no evidence to support the eleventh reason for a new trial, which is based on a statement that one of the jurors was a citizen of Fayette County. Even if this statement of fact was accepted as true, it would not invalidate the verdict of the jury: Baird *v.* Otte, 2 Dist. R. 449.

The reasons for a new trial set forth in items four to ten, inclusive, are all based on the claim that the action in this case was begun before the justice of the peace in trespass and that at the trial the court permitted the pleadings to be amended and action to be tried in *assumpsit*. The reasoning of counsel who moves for a new trial seems to be, as a general proposition, that the amendment of the form of this action should not be allowed and the suit should be conducted throughout as an action in trespass, and based on this assumption that a motion for non-suit should have been allowed because the tenant could not sue his landlord in trespass. We see no reason for holding that, under certain circumstances, a tenant or cropper cannot sue his landlord in trespass. The evidence indicates that the landlord ejected the cropper, who is the plaintiff in this case, from certain lands, after the cropper had performed services and raised a field of corn, one-third of which was to belong to him. The plaintiff sued to recover for the value of services rendered by himself and his family and for his share of the crops, which were appropriated, sold, used or destroyed by the defendants. The form of this action was changed by amendment from trespass to *assumpsit* during the trial and by permission of the court, and, in the present state of the record, it is not necessary to discuss further and cite authorities to the effect that the tenant and cropper could sue his landlord in trespass.

Ewart *v.* Riffle et al.

The wrong done the tenant here is partly in tort and partly in contract, and the plaintiff in the first instance might elect his action. He can waive the tort and proceed in *assumpsit* on a contract, express or implied: 3 T. H. Prac., 2071.

The amendment changing the form of the action was proper "because, by the Act of May 10, 1871, P. L. 265, an amendment of the form of the action may be made in any stage of the proceeding:" New York, etc., Co. *v.* New York Central R. R. Co., 267 Pa. 64, 77. See, also, Taylor *v.* Hanlon, 103 Pa. 504; Allen *v.* Roberts, 85 Pa. Superior Ct. 279.

*Order.*—And now, May 31, 1927, after due consideration of the pleadings and evidence in this case and arguments of counsel, the rule for new trial granted on motion of defendant is discharged and the motion refused.

From S. M. Williamson, Waynesburg, Pa.