## Beadling, Admx., Appellant, v. Moore et al.

*Conversion—Pledged property—Demand and refusal before suit—
Necessity of.*

In an action of assumpsit by an administratrix on a promissory
note, it appeared that the note was given by the defendants to
plaintiff's decedent to indemnify the latter for an accommodation
endorsement.  At the same time twenty shares of stock were de-
posited with plaintiff's decedent as collateral security.  Subse-
quently the note upon which plaintiff's decedent was an endorser
was paid by defendants, but the note and part of the stock was
not delivered to defendants.  Defendants set up the payment of the
note and counterclaimed for the value of the stock retained.  There
was no proof of demand of the collateral and refusal to retain
the same.

In such case suit having been brought, it was immaterial that no
formal demand for the return of the stock was made before filing
the counterclaim, and a verdict and certificate for the defendants
will be sustained.

While demand and refusal are evidence of conversion of pledged
property, the fact of conversion may be proved by any evidence
sufficient to support the inference, such as sale of the property or
denial of title or assertion that title is in another.

Argued April 23, 1928.  Appeal No. 60, April T.,
1927, by plaintiff, from judgment of C. P., Allegheny
County, October T., 1923, No. 2597, in the case of
Mary L. Beadling, Administratrix of Estate of
Thomas Beadling, Deceased v. Maude S. Moore and
Charles R. Moore.  Before Porter, P. J., Henderson,
Trexler, Keller, Linn, Gawthrop and Cunningham,
JJ.  Affirmed.

Assumpsit on a promissory note.  Before Drew, J.

The facts are stated in the opinion of the Superior
Court.

Verdict for defendant in the sum of $350.00 and
judgment thereon.  Plaintiff appealed.

*Error assigned* was the refusal of plaintiff's motion
for judgment non obstante veredicto.

*T. M. Gealey,* for appellant.

*William Kaufman,* for appellees.

OPINION BY LINN, J., July 12, 1928:

We limit our review to the only question involved as stated by appellant: "Whether, where collateral is deposited with an accommodation endorser to secure him on his endorsement, a failure to return the collateral upon the payment of the note on which he is endorser will be sufficient to sustain a finding of unlawful conversion without proof of demand of said collateral and refusal to return same."

In 1920 the defendant, Moore, made his 60-day promissory note for $500 payable to Beadling, now deceased; Beadling endorsed it and Moore had it discounted by his bank and received the proceeds. To indemnify Beadling, both defendants, Moore and his wife, at the same time made their joint promissory note to him for $500 at 60 days and delivered it together with 20 shares (belonging to Mrs. Moore) of the capital stock of a coal company as collateral. Moore paid his note to the bank at maturity, but for some reason not explained in the evidence defendants did not then get back from Beadling their joint note and the stock certificate, though Beadling knew that Moore had paid his note.

Twice before Beadling's death, which occurred September 13, 1922, Mrs. Moore sold and obtained delivery of a part of the shares, leaving in Beadling's possession at the time of his death the joint note and 7 shares of the stock. In September, 1923, asserting ownership of that collateral in Beadling's estate, his administratrix sued both defendants to recover on their $500 note with interest. The Moores set up in defense the contract of indemnity, the discharge of Beadlings' liability by Moore's payment of the note endorsed by Beadling, and counter claimed for the

market value of the 7 shares retained by Beadling in his lifetime, and subsequently by his estate, for breach of contract to return the collateral on payment of the endorsed note. The verdict was for defendants with a certificate in favor of Mrs. Moore for $350, which the jury found to be the market value of the stock.

Appellant now complains, for the single reason already stated, that his motion for judgment n. o. v. was refused. While demand and refusal are evidence of the conversion of pledged property (Taylor v. Hanlon, 103 Pa. 504; Spear v. Alexander, 2 Phila. 89), the fact of conversion may be proved by any evidence sufficient to support the inference, such as sale of the property (Croft v. Jennings, 173 Pa. 216, 221; Learock v. Paxson, 208 Pa. 602, 608), or denial of title, or assertion that title is in another (Clowes v. Hughes, 3 Pa. Superior Ct. 561, 565; McKay v. Pearson, 6 Ib. 529, 532). Title may be asserted by bringing suit, for "a suit or action, according to its legal definition, is the lawful demand of one's right in a court of justice": McBride's Appeal, 72 Pa. 480, 483.

This suit was, therefore, such assertion of ownership of the collateral as to constitute a breach of the contract to return it in the nature of conversion sufficient to support the verdict and the certificate for defendant, Mrs. Moore. In the circumstances, it is immaterial that no. formal demand was made before filing the counter claim. Such a claim—and, therefore, a counter claim—may be made against a decedent's estate: Heller et al., Exrs., v. Fabel, Exrx., 290 Pa. 43.

Judgment affirmed.